IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES L. SCOTT, | § | |
| | § | No. 66, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 92K01112DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 25, 2018
Decided: July 19, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 19th day of July 2018, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)     Charles L. Scott was convicted in 1992 of first-degree murder and was sentenced to life in prison without parole.[1]  Scott was eighteen years old when he committed the offense.

(2)     On March 22, 2013, Scott filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 (hereinafter "*pro se* motion").  Scott alleged

---

[1] Scott also was convicted of, and sentenced for, a related weapon offense.

that his lawyers were ineffective at trial and on direct appeal and that he was denied a fair trial.

(3) The Superior Court appointed counsel to assist Scott in the postconviction proceeding. Scott's postconviction counsel filed an amended motion for postconviction relief (hereinafter "Amended Motion") arguing that Scott's age should have been part of his defense at trial and taken into account when he was convicted of first-degree murder and sentenced to life in prison.

(4) At the direction of the Superior Court, Scott's former trial counsel filed affidavits responding to the Amended Motion, and the State filed a response to both the Amended Motion and the *pro se* motion. After that, the case was referred to a Superior Court Commissioner for proposed findings and recommendations.

(5) On October 30, 2017, the Commissioner issued a report recommending that the Amended Motion and the *pro se* motion should be denied.[2] Applying the version of Rule 61 in effect in 2013 when the *pro se* motion was filed, the Commissioner concluded that the motions were procedurally barred under Rule 61(i) and that neither motion advanced a claim warranting review under the exceptions to the procedural bar. Also, the Commissioner found that the claims of ineffective counsel were without merit.[3]

---

[2] *State v. Scott*, 2017 WL 5075412 (Del. Super. Ct. Comm'r Oct. 30, 2017) (Report and Recommendation).
[3] *Id.* at *4.

2

(6) By order dated January 30, 2018, the Superior Court adopted the Commissioner's Report and Recommendation and denied the motions for postconviction relief. This appeal followed. On appeal, we review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4]

(7) Scott's postconviction counsel has filed a no-merit brief and a motion to withdraw under Rule 26(c). Postconviction counsel acknowledges the futility of continuing to press Scott's age-based claim on appeal in view of the Court's recent decisions in cases such as *Flonnory v. State*.[5] Scott, however, has a different view and has submitted written points for the Court's consideration. Scott's points reiterate all of the claims raised in the *pro se* motion, plus a new claim, *i.e.*, that postconviction counsel was ineffective. The State has filed a response to the *pro se* motion's claims.

(8) Generally, this Court will not consider a claim for postconviction relief that was not considered by the Superior Court in the first instance.[6] In this case, because the Superior Court did not consider Scott's ineffective assistance of

---

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] 2017 WL 3634216 (Del. Aug. 23, 2017) (holding that defendant could not establish that he was entitled to the application of juvenile sentencing standards and relief from the mandatory non-parolable life sentences that were imposed for the homicides he committed as an eighteen-year-old young adult). *See Zebroski v. State*, 179 A.3d 855 (Del. 2018) (holding that prohibition of mandatory life sentences without parole for juveniles does not apply with equal force to defendants who were eighteen years old at the time of the offense).

[6] *Jones v. State*, 2015 WL 6164086 (Del. Oct. 20, 2015) (citing Sup. Ct. R. 8)).

postconviction counsel claim in the first instance, we have not considered the claim on appeal.

(9) When considering a brief and a motion to withdraw under Rule 26(c), we must be satisfied that the appellant's counsel made a conscientious examination of the record and the law for arguable claims and also conduct our own review of the record to determine whether the appeal is so devoid of appealable issues that it can be decided without an adversary presentation.[7] In this case, having carefully considered the parties' submissions on appeal and reviewed the record, we conclude that the Superior Court's order denying Scott's motions for postconviction relief should be affirmed on the basis of, and for the reasons provided in, the Commissioner's well-reasoned Report and Recommendation.[8] We are satisfied that postconviction counsel made a conscientious effort to examine the record and the law and properly determined that Scott could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] *Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[8] *Supra* note 2.